## Baker v. Commonwealth.

(Decided February 3, 1928.)

### Appeal from Rockcastle Circuit Court.

1.  Perjury.—Prosecuting witness' testimony, corroborated by that of other witnesses, held sufficient to sustain conviction of false swearing in testifying, on trial of prosecuting witness for murder,

that defendant did not give such witness any whisky on evening of homicide as latter testified in such trial.

2. Criminal Law.—In trial for false swearing on trial of prosecuting witness for murder, court erred in permitting commonwealth to read such witness' testimony as to matter in controversy from transcript of evidence in such trial.

3. Criminal Law.—Error in permitting commonwealth, in trial for false swearing on trial of prosecuting witness for murder, to read latter's testimony as to matter in controversy from transcript of evidence in such trial, was cured by later introduction of such witness, who gave substantially same testimony and was cross-examined by defendant.

4. Perjury.—In trial for false swearing, instruction to convict if there was intoxicating liquor in certain building on night of homicide by prosecuting witness, and defendant testified to contrary in murder trial, with knowledge of such fact and for purpose of deceiving, held not erroneous as authorizing conviction, though he was innocently mistaken.

C. C. WILLIAMS and J. J. FELTON for appellant.

J. W. CAMMACK, Attorney General, and CLIFFORD E. SMITH, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

From a judgment of conviction for the crime of false swearing, appellant brings this appeal. For grounds for reversal he urges that incompetent evidence was admitted against him, that the proof does not sustain the verdict, and that the instructions were erroneous. The facts of this case are these: William Perciful was being tried under an indictment for murder, which trial resulted in his conviction. See Perciful v. Commonwealth, 212 Ky. 673, 279 S. W. 1062. One of the defenses of Perciful in that case was based on his alleged drunken condition at the time of the homicide. When on the witness stand in his trial, he testified that on the evening of the homicide he had been given two tumblers of whisky by the appellant at a place called in this record "the stockpens." The appellant was called by the commonwealth as a witness in rebuttal on the Perciful trial, and he testified that he did not give Perciful any whisky that night at the stockpens or at any other place, that he had no whisky at the stockpens, and that, so far as he knew, there was no whisky at the stockpens. This indictment charges that the appellant, in giving that testimony,

swore falsely, knowing at the time that he so testified that he did have whisky at the stockpens on that night, and that he had given Perciful two tumblers of whisky. To sustain that charge, the commonwealth proved by a number of witnesses that on the night in question the appellant was at the stockpens attending a meeting of a secret organization of which Perciful was the inner guard; that the appellant took two or three of these witnesses into a back room in the building and gave them a drink of whisky out of a quart jar; that Perciful, who was drinking that night, went back into the back room with the appellant, and that, when he came out of that back room, his condition indicated that he had been drinking in the back room. The commonwealth also proved by Perciful that the appellant did take him into the back room and there gave him two tumblers of whisky. The appellant denied all this, and produced some proof tending to substantiate this denial. But of course this case was one for the jury, and the commonwealth's proof, if believed by the jury, satisfied the rule requiring two witnesses or one witness and strong corroborating testimony to sustain a conviction for perjury or false swearing. The testimony of the witness Perciful, if believed, sustained the commonwealth's charges and the testimony of the other witnesses was strongly corroborative of that of Perciful. There is no merit then in the contention that the proof does not sustain the charge.

At the outset of the case, the commonwealth was permitted, over the appellant's objection, to read from the transcript of the evidence given in the trial of Wm. Perciful, the testimony of Wm. Perciful in that trial in so far as it bore on the present controversy. This was error. Later on, however, Perciful was himself introduced as a witness, and testified in this case substantially the same as he had testified in his own case. Appellant had full opportunity, and did cross-examine Perciful concerning his testimony. It follows that the error in permitting the transcript to be read was cured by the later introduction of Perciful, who gave in this case his testimony under oath and was subject to cross-examination by the appellant; his testimony in no wise varying from that read from the transcript.

It is lastly contended that the instructions were erroneous, in that, in instruction No 1, the court among other things told the jury that, if they believed beyond a

reasonable doubt that the appellant did in truth and in fact have intoxicating liquor in the stockpens on the night in question, or that there was intoxicating liquor in that building on that night, or that appellant gave Perciful any liquor in that building on that night, and these facts or either of them were false and untrue as the appellant knew when he so testified to the contrary in Wm. Perciful's trial, if he did so testify, and were made for the purpose of deceiving, then the jury should find the appellant guilty. It is urged that the court erroneously submitted to the jury the question whether the proof showed there was intoxicating liquor in the stockpens on the night of the homicide; it being argued that, although there might have been intoxicating liquor in the building on that night, yet, as some of the evidence tended to show that such intoxicating liquor was in the possession of other parties, and that appellant did not know about this, the appellant ought not to be convicted for stating that there was no liquor in the building, when he was innocently mistaken about this. The answer to this argument is that the court did not permit the jury to find the appellant guilty simply because there was intoxicating liquor in the building on the night of the homicide, but by its instructions required the jury to believe before it could convict that, not only did the appellant testify there was no intoxicating liquor in the building there that night, but also that appellant knew that there was and that he knew this when he testified that there was no intoxicating liquor there that night; and that he did so testify falsely and for the purpose of deceiving. This instruction eliminated any chance of the jury convicting the appellant for an innocent mistake.

Judgment affirmed.